IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LAURA GATLIN                                                                                          PLAINTIFF

vs.                                      NO: 5:09CV00182 BSM

CLEVELAND COUNTY SCHOOL DISTRICT,
ET AL.                                                                                              DEFENDANTS

## ORDER

Plaintiff's motion for temporary restraining order ("TRO") is denied and defendants Jeff Prescott ("Prescott") and Cliff Hopson ("Hopson") are not precluded from participating in plaintiff's termination hearing and the hearing is not enjoined.

Plaintiff is employed as an elementary school teacher at defendant Cleveland County School District ("the District" or "CCSD"), and was notified by the District's superintendent that she was being recommended for termination. Pursuant to Ark. Code Ann. § 6-17-1509, plaintiff requested a hearing before the school board, and asked for a list of the superintendent's witnesses as well as other documents produced in the investigation of her alleged misconduct. The hearing is scheduled for June 25th. Plaintiff filed this action alleging an "imminent deprivation" of her constitutional rights and moved for a TRO and preliminary injunction to prevent Prescott and Hopson from participating in her hearing because she claims they have a personal bias against her and that they want her terminated. She also seeks to stop the hearing until she receives documents she has requested.

Plaintiff's TRO request is denied because she does not meet the requirements for obtaining a TRO. A TRO may be granted only if the moving party can demonstrate: (1) a

likelihood of success on the merits; (2) that the movant will suffer irreparable harm absent the restraining order; (3) that the balance of harms favors the movant; and (4) that the public interest favors the movant. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir.1981). Plaintiff cannot show that she will suffer irreparable harm should the hearing take place and Prescott and Hopson participate. This is true because, even if Prescott and Hopson vote to terminate her, there are five other members of the seven member board who can vote against termination if they believe that she should keep her job. She will have a full opportunity to assert her position because she has a right to representation by a person of her choosing, and can request that the hearing be held in private. Ark. Code Ann. § 6-17-1509. Indeed, she does not allege that she is being deprived of the right to present her side at the hearing. Finally, even if the board approves termination, plaintiff has a remedy. She can appeal an adverse decision to the circuit court of Cleveland County, Arkansas where she may introduce additional testimony and evidence. Ark. Code Ann. § 6-17-1510.

For these reasons, the motion for a TRO is denied [Doc. No. 2]. As the hearing is to occur within two days, the motion for a preliminary injunction is denied as moot.

IT IS SO ORDERED this 23rd day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE